DAVID CLARK *vs.* SHALER W. ELDRIDGE.

A. made a note payable to E. at a certain bank, and E. indorsed it in blank to C., who also indorsed it, and put it into the bank; but whether it was discounted by the bank, or was received for collection merely, did not appear: After bank hours, on the last day of grace, the bank gave notice to C. that the note was unpaid, and C., on the same day, put into the post office a notice, directed to E. at his place of residence, in these words: " The note of A., which you indorsed, fell due this day, and remains unpaid. Please let me hear from you in regard to it." *Held*. that this notice was sufficient to charge E. as indorser.

ASSUMPSIT to recover, among other demands, the amount of the following note: " Cabotville, July 17th 1843. Six months from date; I promise to pay S. W. Eldridge or order, at the Farmers & Mechanics Bank, Hartford, one hundred forty five dollars, value received, with interest. Leonard Arms." At the trial in the court of common pleas, before *Ward*, J. it appeared that this note was indorsed in blank by Eldridge, the payee, and was afterwards indorsed by the plaintiff and left in said Farmers & Mechanics Bank. It did not appear whether the note was discounted by the bank, or was left for collection. On the 20th of January 1844, after bank hours, proper notice was sent by the bank to the plaintiff, that the note was due and unpaid ; and he thereupon immediately caused a notice to the defendant to be written, in the words that follow : " Hartford, January 20th 1844. Mr. S. W. Eldridge. Dear Sir : The note of Leonard

Arms, which you indorsed, fell due this day, and remains unpaid. Please let me hear from you in regard to it. D. Clark, per Church, Jr." This notice was directed to the defendant, at Cabotville, where he resided, and was mailed on the day of its date. The defendant contended that the above notice was not sufficient to charge him as indorser; but the judge ruled otherwise. The jury found a verdict for the plaintiff, and the defendant alleged exceptions to said ruling.

*Griswold,* for the defendant. 1. The *form* of the notice was defective and insufficient. It stated neither the date, nor the amount of the note, nor the promisee, nor the place where payable, nor that it was negotiable, nor who was the holder. *Mills* v. *Bank of U. States,* 11 Wheat. 431. In the case of *Rochester Bank* v. *Gould,* 9 Wend. 279, notice to an indorser was held sufficient, chiefly on the ground that no other note of the same maker, indorsed by the defendant, was in the bank. That fact does not appear in the present case. Besides, in that case, the defendant was informed, by the notice, that the holders looked to him for payment. In the case at bar, it ought to have been left to the jury to decide whether the notice was sufficient to inform the defendant that it was the note in suit which was unpaid.

2. The notice was defective *in substance.* It ought to have shown that the note was dishonored. The maker had all the bank hours of the last day of grace in which to pay the note ; and it does not appear at what hour the notice was made out. The notice came from the plaintiff, and not from the bank, and the defendant might suppose that the plaintiff was the holder. The defendant should have been informed, by the notice, that the bank had given notice, or that the note was in the bank. Mere notice that the note was unpaid was insufficient. The request that the plaintiff might hear from the defendant, in regard to the note, did not show that the plaintiff looked to the defendant for payment. *Gilbert* v. *Dennis,* 3 Met. 495. *Bank of U. States* v. *Carneal,* 2 Pet. 543. *Pinkham* v. *Macy,* 9 Met. 174.

*C. Devens,* for the plaintiff. The plaintiff was the last

indorser, and had received notice of non-payment by the maker. There was no misdescription of the note, in the no- tice to the defendant ; and particulars were stated, sufficient to put the defendant on inquiry. This is all that was neces- sary. 3 Met. 498. Story on Notes, § 349. *Smith* v. *Whi- ting*, 12 Mass. 6. *Bank of Rochester* v. *Gould*, 9 Wend. 279. *Cooke* v. *French*, 10 Adolph. & Ellis, 131. Notice of non-payment was notice of dishonor. The note was in the bank, and presentment and demand were unnecessary. The maker was bound to pay at the bank, and his omis- sion to pay there was dishonor. *Gilbert* v. *Dennis*, 3 Met. 497. The words "let me hear from you" gave sufficient notice to the defendant that the plaintiff looked to him for payment. 3 Met. 498, 499. Story on Notes, § 353. *Gru- geon* v. *Smith*, 6 Adolph. & Ellis, 499, and 2 Nev. & P. 303,

*Aiken*, in reply. In all the cases in which non-payment at a bank has been held to be dishonor, the bank was the holder ; and this distinguishes the case at bar from those. This dis- tinction was taken in *Bank of U. States* v. *Carneal*, 2 Pet. 543. As between the plaintiff and defendant, the plaintiff is to be considered as the holder. The defendant indorsed the note to him, and had no knowledge that it was ever out of his hands.

All the facts stated in the notice may be true, and yet the note not dishonored. If so, the notice is insufficient. 3 Met. *ubi sup.*

SHAW, C. J. This case, we think, is distinguishable in principle from *Gilbert* v. *Dennis* and *Pinkham* v. *Macy*, although it runs very near them. Here it was not necessary to prove presentment and demand. The note was indorsed to, and deposited in, the bank by the plaintiff, and remained there, unpaid, through the last day of grace. The bank had full authority to receive payment and surrender the note, whether discounted or received for collection ; and that point seems wholly immaterial. Then the only question is, whether the defendant, as indorser, had due notice. It was given seasonably, by a party competent to give it, and sent

to the right place ; and the question is upon the form of the notice.

The note was payable at a place certain, a bank named, and being left there for payment, it was dishonored, if not paid during the bank hours. The fact that it was so payable was known to the defendant, as payee and indorser, and he himself indorsed it to the plaintiff. Now, whether the plaintiff held it in his own right, or discounted it with the bank, it was still payable at the bank ; and the ordinary presumption would be, that it was there, whether the bank or the plaintiff was the holder. When, therefore, the notice informs the defendant that the note *"fell due* this day, and *remains* unpaid,"* being equivalent to saying that it fell due *at the bank,* and remains unpaid, it carries an implication, to one having such knowledge, that the letter was written after bank hours, and therefore did, by reasonable implication, inform the indorser that it was dishonored.

As to the other point, taken in the argument, that the question of identity of the note sued and the note referred to in the notice was partly a question of fact, on which the defendant was desirous of going to the jury, it does not appear, by the bill of exceptions, that any such ground was taken at the trial, or any such question of identity raised. It is too late to take it now.  *Exceptions overruled*